E-Filed 5/27/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM LANGELL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>IDEAL HOMES LLC, et al.,<br><br>    Defendants. | Case No.  16-cv-00821-HRL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SERVE AND FILE THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 17 |

Plaintiffs Jim and Rhonda Langell ("Plaintiffs") sue Defendants Ideal Homes dba SAR Ideal Ventures, LLC ("Ideal") and CMH Manufacturing West, Inc. dba Karsten Homes ("Karsten").  Plaintiffs allege Ideal sold them a defective home manufactured by Karsten; Plaintiffs therefore sue Ideal for breach of contract, breach of warranty, and violation of the Magnuson-Moss Act.  Dkt. No. 1.

Ideal moves the court for leave to file a third-party complaint for "indemnity and contribution claims" and to serve that complaint on SAR Development and Lazzco Painting. Dkt. No. 17 at 1. Ideal asserts the proposed third-party defendants "are potentially responsible for the defective conditions alleged" by Plaintiffs, including cracked concrete and visible seams on the interior walls and ceilings. *Compare* Dkt. No. 17 at 2 *with* Dkt. No. 1 at 30. Ideal argues the court should grant the motion because: (1) it was filed "within two months" of Ideal's answer; (2) granting the motion "will not delay the trial"; and (3) granting the motion "should not prejudice" Plaintiffs. Dkt. No. 17 at 2. Plaintiffs did not file an opposition to the motion and the deadline to do so has expired.

A district court has discretion to grant a motion for leave to serve a third-party complaint after considering four issues: (1) prejudice "the original plaintiff" might suffer; (2) the "complication of issues" which might occur at trial; (3) the "likelihood of trial delay"; and (4) the

"timeliness" of the motion. *E.g.*, *Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D. Cal. 2000). A court should also consider whether granting leave to implead a third party would "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who m[ight] be . . . liable to the defendant for all or part of the plaintiff's original claim." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986); *e.g.*, *Joe Hand Productions, Inc. v. Davis*, No. 11-cv-06166-CW, 2012 WL 6035538, at *1 (N.D. Cal. Dec. 4, 2012).

The court sees no prejudice Plaintiffs would be likely to suffer if Ideal's motion were granted. The claims Ideal intends to raise against third parties would largely involve issues and facts already raised by Plaintiffs' complaint, and so it is likely that granting Ideal's motion would not significantly complicate or delay trial. And Ideal's motion is timely—the initial case management conference has not yet occurred. The court is therefore satisfied that the granting of Ideal's unopposed motion would promote judicial efficiency and eliminate the necessity for the filing of a separate case. *E.g.*, *Joe Hand Promotions, Inc.*, 2012 WL 6035538, at *2.

## Conclusion

The court vacates the hearing set for Ideal's motion for leave to serve and file a third-party complaint. The motion for leave to serve and file a third-party complaint is granted. Ideal shall, within one week, file its proposed third-party complaint as the operative third-party complaint. Dkt. No. 17-1 at 4-7. Ideal shall serve the third-party complaint on SAR Development and Lazzco Painting within two weeks.

**IT IS SO ORDERED.**

Dated: 5/27/16

HOWARD R. LLOYD
United States Magistrate Judge