E-filed 9/9/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM LANGELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>IDEAL HOMES LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-00821-HRL<br><br>**ORDER TO SHOW CAUSE RE: PROBABLE VIOLATION OF RULE 11, FEDERAL RULES OF CIVIL PROCEDURE**<br><br>To: Attorney Charles S. Redfield, of the Law Firm of Low, Ball & Lynch |

Notice is hereby given that under the authority of Rule 11(c)(3) of the Federal Rules of Civil Procedure ("FRCP") this court, sua sponte, orders attorney Charles S. Redfield ("Redfield") to attend a hearing at 10:00 AM on September 21, 2016, and there and then to show cause why he should not be sanctioned for misleading the court and making multiple misrepresentations in documents he filed in this matter, as will be described below.

**BACKGROUND**

In 2014, Jim and Rhonda Langell ("the Langells") purchased a new manufactured home ("the home") from a dealer in Capitola named Ideal Homes LLC. The home had been manufactured by CMH Manufacturing West, Inc. ("CMH"). According to the Langells, from the day they took delivery, the home was plagued by defects and deficiencies, and neither the dealer nor the manufacturer fixed them properly. So, they sued Ideal Homes LLC and CMH in state court. Dkt. No. 1, at 6.

Attorney Maurice A. Priest, on behalf of Ideal Homes LLC, signed an Acceptance and Acknowledgement of Receipt of the Summons and Complaint. Dkt. No. 52. Over 7 months have gone by since then, and Ideal Homes LLC has never made an appearance in this action. Instead, Redfield filed an Answer on behalf of "Ideal Homes dba SAR Ideal Ventures, LLC (erroneously

sued as Ideal Homes, LLC)." As will be seen, this court ultimately learned that there is no such entity as Ideal Homes dba SAR Ideal Ventures, LLC (a misrepresentation Redfield later was forced to correct), and also that the plaintiffs did *not* erroneously sue Ideal Homes LLC (a misrepresentation that Redfield has continued to reaffirm to this day in papers filed with the court).

## DICUSSION

For many months this court believed that the Langells had simply gotten it wrong and that the true, correct seller-defendant was Ideal Homes dba SAR Ideal Ventures LLC. Then, however, Redfield, on behalf of his purported client, asked for and received leave to file a Third-Party Complaint against SAR Development and Lazzco Painting. The new complaint alleged entitlement to equitable indemnity or contribution from these two entities because they had both worked on the home and were at least partially responsible for any damages suffered by the Langells. Dkt. No. 23.

Upon receiving service of the Third-Party Complaint, SAR Development cried "foul." It filed a motion to strike it. Dkt. No. 37. First, it said, there is no such entity as Ideal Homes DBA SAR Ideal Ventures LLC. There is an entity named SAR Ideal Ventures, but SAR Ideal Ventures LLC does not have a license to sell manufactured homes and did not sell the home to the Langells. There was described a partial overlapping of ownership between SAR Ideal Ventures LLC and SAR Development, and the court gives credence to this information, which was in a declaration from a person with presumably first-hand knowledge of it. Furthermore, SAR Development offered evidence showing that Ideal Homes LLC is, in fact, an existing entity that is in the business of selling manufactured homes. But, according to the California Secretary of State's Business Entity Database, Ideal Homes LLC is currently suspended by the California Franchise Tax Board. Dkt. No. 37-2, Ex. C.

His representation of a nonexistent entity exposed, Redfield filed an Amended Third-Party Complaint that dropped the "Ideal Homes dba" from his "client's" name, which now became "SAR Ideal Ventures, LLC." He also filed an Amended Answer to the Langells' Complaint making the same change to his client's name. However, he continued to represent to the court, as

2

he has done on every filing he made in this case, that his "client" was "erroneously sued as Ideal Homes LLC".

The court's interest was now piqued as to just who was SAR Ideal Ventures LLC and why was it interjecting itself, seemingly as a volunteer, into this lawsuit. It appeared to be telling the court that it was really the seller of the home. If it was not the seller, then why file documents which constantly tell the court that the Langells got the wrong seller-defendant? So, the court looked closely at the Answers that Redfield had filed, the first on behalf of the fictitious Ideal Homes dba SAR Ideal Ventures, LLC and the second on behalf of the actual SAR Ideal Ventures LLC. The only difference in the Answers is the name of the party filing them.

The Langells' Complaint, obviously, alleges that the seller of their home was Ideal Homes LLC. In the Answer and Amended Answer Redfield *denies* that allegation on information and belief! Dkt. No. 10, ¶¶ 2, 11; Dkt. No. 44, ¶¶ 2, 11. What's this? The Langells "erroneously" sued Ideal Homes LLC, says Redfield, but he cannot admit that SAR Ideal Ventures LLC *is* the seller! If that is the case, then why has it made an appearance? Who *is* the seller?

The court now believes that there was no "error" by the Langells. The court believes plaintiffs really did buy the home from Ideal Homes LLC. The court has received paperwork signed by the plaintiffs when they executed the purchase order for the home. It identifies Ideal Homes as the seller. Dkt. No. 53, Exs. A, B. The Answer filed by CMH admitted that it sold the home to Ideal Homes LLC. Dkt. No. 11, at 2:20-12. The court has seen the current website of Ideal Homes, where it describes itself as a prominent dealer in manufactured homes. It is at present in business in Capitola, at the same address it had back in 2014 when the Langells dealt with it.[1]

In his Opposition to SAR Development's Motion to Strike the Third-Party Complaint, Dkt. No. 42, at 2, Redfield asserted that his client (SAR Ideal Ventures LLC) has "…contractual

---

[1] If Ideal Homes LLC was suspended by the State of California at the time of the Langells' purchase of the home, there could possibly be a question of whether Ideal Homes LLC lawfully engaged in the transaction or was legally capable of being the "seller." The court is not familiar with the law on this subject and expresses no opinion on it here. It only wishes to make clear that, by saying Ideal Homes LLC was the "seller," it does not intend to preclude the possibility that other entities or persons may have liability to the Langells.

3

obligations" to the plaintiffs. If his client were the seller, that would make sense, and it would support a possible claim for indemnity or contribution if his client were found liable to the Langells. But Redfield's pleading carefully avoids admitting his client is the seller. If Redfield's client is merely pretending to be the seller, then from where did these "contractual obligations' to the plaintiffs spring? On what basis could his client ever be held liable to the Langells?

Just recently, the court heard SAR Development's Motion to Strike the Third-Party Complaint. At that hearing, the court questioned Redfield over who was the seller of the home. Redfield could not or would not say. When asked if his client (SAR Ideal Ventures LLC) was the seller, he could not or would not say. He did say that SAR Ideal Ventures LLC provided short-term funding to Ideal Homes so that the home could be purchased from the manufacturer, and that subsequently some of the Langells' money paid into the escrow was disbursed to his client to repay that loan. So what?, thought the court. The court pressed Redfield further, and twice, in the context in which he was speaking, Redfield seemed to refer to Ideal Homes as "his client". Does he, in fact, have two clients? That would not be surprising, since the court is told that the owner of Ideal Homes LLC is part owner of SAR Ideal Ventures LLC. Might this explain how no appearance was made on behalf of Ideal Homes LLC, but a volunteer, SAR Ideal Ventures LLC, inserted itself into the litigation as a stand-in? The court recalls Redfield saying that there was a problem because Ideal Homes had lost its "authorization" (suspension because of unpaid Franchise Tax Board obligations?). And he referred to his strong desire to get liability insurance coverage for the Langells' claims, an interest that seemed linked to what the court views as his decision to attempt to deflect attention away from Ideal Homes LLC and toward SAR Ideal Ventures LLC.

According to FRCP 11, when an attorney presents a "…pleading, written motion, or other paper…" to the court, he or she is deemed to certify that "…to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (a) it is not presented for any improper purpose; (b) the claims, defenses, and other legal contentions are warranted by existing law; (c) the factual contentions have evidentiary support; and (d) the denials of factual contentions are warranted on the evidence. Fed. R. Civ. P. 11(b).

**CONCLUSION**

The information the court has leads it to believe that Redfield intentionally misrepresented to the court that Ideal Homes LLC was not the seller and improperly insinuated into the case SAR Ideal Ventures LLC as a "substitute" defendant. But even then, Redfield hedged his bets by ducking a formal admission that his client was the seller. It is doubtful that the Langells had any contractual relationship with his client, and equally doubtful that SAR Ideal Ventures is the right entity to be seeking indemnity or contribution from the Third-Party defendants. Of course, if Ideal Homes LLC is suspended still, it may not be able to defend itself against the Langells' claims or affirmatively pursue indemnity or contribution claims against others in some way responsible for the Langells' damages. That may be Redfield's motivation for what to the court looks like deception, a charade that has been going on now for at least 6 months. The court would welcome a credible explanation for Redfield's actions that does not implicate Rule 11.

**IT IS SO ORDERED.**

Dated: 9/9/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge