E-filed 11/17/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM LANGELL, et al., <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br><br>IDEAL HOMES LLC, et al., <br><br>　　　　Defendants. | Case No.16-cv-00821-HRL <br><br>**ORDER GRANTING MOTION TO WITHDRAW ANSWER** <br><br>**ORDER GRANTING MOTION TO STRIKE THIRD-PARTY COMPLAINT** <br><br>**ORDER GRANTING MOTION TO INTERVENE** <br><br>Dkt. Nos. 37, 63, 64 |

Pending before the court are three motions: defendant SAR Ideal Ventures, LLC ("Ideal Ventures") moves to withdraw its answer, Dkt. No. 63; third-party defendant SAR Development Corp. ("SAR Development") moves to strike Ideal Venture's third-party complaint, Dkt. No. 37; and putative intervenor Scottsdale Insurance Co. ("Scottsdale") moves to intervene, Dkt. No. 64. A hearing was held on the motion to strike the third-party complaint on August 30, 2016. Dkt. No. 50. As no parties have filed timely oppositions to the motion to withdraw answer or the motion to intervene, the court deems these matters submitted without oral argument. For the reasons below, the court GRANTS all three motions.

## BACKGROUND

Plaintiffs Jim and Rhonda Langell ("Plaintiffs") purchased a manufactured home constructed by defendant CMH Manufacturing West, Inc. dba Karsten Homes ("CMH") and sold by defendant Ideal Homes, LLC ("Ideal Homes"). Plaintiffs allege that the home was defective and brought suit for breach of contract, breach of warranty, and negligence. Dkt. No. 1, Ex. A.

Defendant Ideal Homes is, allegedly, a suspended entity. Dkt. Nos. 63, 64. Though Ideal

Homes did not answer the complaint and still has not appeared, Ideal Ventures answered the complaint as "Ideal Homes dba SAR Ideal Ventures, LLC," representing itself as the proper defendant and claiming that Ideal Homes was erroneously named. Dkt. No. 10. Ideal Ventures then proceeded to act as a defendant, even filing a third-party complaint bringing in contractors, SAR Development and Lazzco Painting (the latter of which has not appeared), as third-party defendants. Dkt. No. 22. Ideal Ventures's third-party complaint claimed entitlement to equitable indemnification or contribution from the third-party defendants if the third-party plaintiff were found liable to Plaintiffs. *Id.*

The first cracks appeared in the façade when SAR Development filed a motion to strike Ideal Ventures's third-party complaint. Dkt. No. 37. SAR Development, a company owned by a co-owner of Ideal Ventures, argued (1) that "Ideal Homes dba SAR Ideal Ventures, LLC" was neither a legal entity nor a named party to the litigation and that it lacked standing to file a third-party complaint, (2) that Ideal Homes was a suspended entity that could not file a third-party complaint, and (3) that the third-party complaint in any event failed to plead sufficient facts to support liability against SAR Development. *Id.* Ideal Ventures responded by amending its pleadings to "correct" its identity from "Ideal Homes dba SAR Ideal Ventures, LLC" to "SAR Ideal Ventures, LLC." Dkt. Nos. 40, 41, 44. SAR Development's reply pointed out that this change failed to address the underlying issue—that Ideal Ventures is not the named defendant, Ideal Homes (a suspended entity). Dkt. No. 45.

By this point, the court became concerned over whether Ideal Ventures had improperly volunteered itself into the lawsuit so as to provide cover for Ideal Homes, which could not defend itself on account of its suspension. The court issued a sua sponte Order to Show Cause regarding a probable violation of Rule 11 to the attorney representing Ideal Ventures, questioning his representations to the court about his client.[1] Dkt. No. 55.

Whether the court's prompting or other concerns spurred counsel for Ideal Ventures to action is unclear, but Ideal Ventures filed a motion to withdraw its answer two weeks after the

---

[1] The court will issue an order on that matter in due course.

2

Rule 11 show cause hearing. Dkt. No. 63. In its motion, Ideal Ventures confessed that "[f]acts became known that Ideal Homes, LLC may not have been erroneously sued and that SAR Ideal Ventures, LLC may not be considered the seller of the manufactured home to plaintiffs." *Id.* Ideal Ventures argued that it should be permitted to withdraw its answer because its co-owner does not consent to its answering the complaint on behalf of Ideal Homes. *Id.* Such a withdrawal is permitted, Ideal Ventures argues, when circumstances "have changed such that the original answer should not or cannot be maintained." *Id.* No party, putative or otherwise, filed an opposition to this motion.

On the same day that Ideal Ventures moved to withdraw its answer, Scottsdale Insurance Co. filed a motion to intervene. Dkt. No. 64. Scottsdale asserts (1) that it issued a policy for "Ideal Homes," (2) that it may be liable for judgments against that entity, and (3) that "it has no … means other than intervention to litigate the issues of liability or damages."[2] Dkt. No. 64.

Finally, to complete the picture, earlier in the litigation, CMH filed a motion to compel Plaintiffs and defendant Ideal Homes into arbitration. This last motion will be addressed by the court in a separate order.

## DISCUSSION

### 1. Ideal Venture's Motion to Withdraw Its Answer.

Though the cases cited by defendant in its motion to withdraw stand for the proposition that a court may grant a defendant permission to withdraw its answer, *see, e.g., Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978) (allowing defendant to withdraw her answer and submit to a default judgment), none of them address the precise situation we have here: an entity voluntarily answering the complaint in place of another entity when it may not have had any business doing so.

When a non-party seeks to enter a lawsuit, the proper mechanism provided by the Federal

---

[2] Scottsdale seeks to intervene under a reservation of rights. And, the court notes, there is some uncertainty as to the identity of the insured under Scottsdale's policy. The policy declaration lists the named insured as "Ideal Homes / SAR Ideal Ventures, LLC, DBA." Dkt. No. 64, Ex. A. It is unclear if this named insured is the same entity as the Ideal Homes that is the named defendant. For the purposes of this order, however, the court treats Ideal Homes as both the named defendant and the named insured.

3

1   Rules of Civil Procedure is a motion to intervene under Rule 24.  Courts have considerable
2   latitude to construe improper efforts to enter a lawsuit by a nonparty as attempts to intervene.  *See*
3   *Peruta v. County of San Diego*, 771 F.3d 570, 572 (9th Cir. 2014); *Estate of McFarlin ex rel.*
4   *Laass v. City of Storm Lake*, 277 F.R.D. 384, 387-88 (N.D. Iowa 2011) ("Where an interested
5   person has improperly filed a Rule 19 motion, the court must treat it as a motion to intervene
6   pursuant to Rule 24 of the Federal Rules of Civil Procedure").

7   Rule 24 sets out two methods of intervention—intervention as of right, and permissive
8   intervention.  Fed. R. Civ. P. 24.  Intervention as of right has four requirements: "(1) the
9   application for intervention must be timely; (2) the applicant must have a 'significantly
10  protectable' interest relating to the property or transaction that is the subject of the transaction; (3)
11  the applicant must be so situated that disposition of the action may, as a practical matter, impair or
12  impede the applicant's ability to protect that interest; and (4) the applicant's interest must be
13  inadequately represented by the existing parties in the lawsuit." *Nw. Forest Res. Council v.*
14  *Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).  Permissive intervention is appropriate where the
15  applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the
16  applicant's claim or defense, and the main action, have a question of law or a question of fact in
17  common." *Id.* at 839.  In addition to these requirements, Rule 24 requires prospective intervenors
18  "to serve a motion to intervene upon the parties as provided in Rule 5" and "provides that the
19  motion shall state the grounds [for intervention] and shall be accompanied by a pleading setting
20  forth the claim or defense for which intervention is sought." *Parker-Hannifin Corp. v. Samuel*
21  *Moore and Co.*, 436 F. Supp. 498 (N.D. Ohio 1977).

22  Obviously, considering how we got to this point, Ideal Ventures has not complied with
23  these procedural requirements, and the court could rule that it has not successfully intervened in
24  this action on this basis.  The court, however, is reluctant to rely on such mechanical grounds for
25  showing a party the door, and will devote more attention to the substance of this question.

26  Ideal Ventures, even if it once sought to intervene, is now trying to leave this dispute.  In
27  its notice of motion and motion to withdraw its answer, it admits that the original grounds for its
28  insertion into the lawsuit—that Ideal Homes, LLC had been erroneously sued—"may" have been

4

incorrect, and that "[f]acts became known that . . . SAR Ideal Ventures, LLC may not be considered the seller of the manufactured home to plaintiffs." Dkt. No. 63. If Ideal Ventures was not the entity that plaintiffs intended to sue, and if it did not sell the home to the plaintiffs, why is it here? In light of its motion to withdraw its answer, which does not seek permission to file an amended answer or to remain involved in this case in any other form, the court fails to see what interest, claim, or defense Ideal Ventures has remaining in this case, if it ever had such an interest to begin with. Thus, if the court were to construe Ideal Ventures's filings in this case as a motion to intervene, it would deny that motion. SAR Ideal Ventures, LLC does not belong here.

Given that Ideal Ventures has filed a motion to withdraw its answer, however, the court believes that there is a more straightforward means of reaching the same outcome. Because the court may grant permission for a party to withdraw its answer when appropriate, *see, e.g., Danning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978), and because SAR Ideal Ventures, LLC has no place in this lawsuit for the reasons described in the preceding paragraph, the court grants SAR Ideal Venture's motion to withdraw its answer.

### 2. SAR Development's Motion to Strike the Third-Party Complaint.

In light of the discussion above, it appears that Ideal Ventures was likely never a proper party to this suit, and it certainly is no longer a proper party. Federal Rule of Civil Procedure 14(a) permits "a Defending Party" to act as a third-party plaintiff. Fed. R. Civ. P. 14(a); 14(a)(1). SAR Ideal Ventures is no longer "a Defending Party," and so may not maintain a third-party complaint. The court thus retracts its statements at the hearing on August 30, 2016, regarding its intentions with respect to SAR Development's motion, and hereby grants the motion to strike the third-party complaint in its entirety.

### 3. Scottsdale's Motion to Intervene.[3]

---

[3] Scottsdale Insurance Company, as a putative intervenor, is not yet a party to this suit, and has thus not yet consented to magistrate judge jurisdiction. The court will nevertheless rule on the motion to intervene, treating it as non-dispositive for the purposes of 28 U.S.C. § 636. Though the Ninth Circuit has not expressly ruled on the nature of a motion to intervene, the Northern District has twice ruled that motions to intervene are non-dispositive. *Natural Resources Defense Council v. Gutierrez*, No. C01-0421 JL, 2007 U.S. Dist. LEXIS 40895, at 2 (N.D. Cal. May 22, 2007); *Zepeda v. Paypal, Inc.*, No. C10-1668 SBA, 2014 U.S. Dist. LEXIS 122861, at 4-5 (N.D. Cal. Sep. 2, 2014). The court finds these opinions persuasive.

Scottsdale seeks, pursuant to Rule 24, to intervene as a defendant-intervenor and defend against Ideal Homes's potential liability and damages to Plaintiffs. For the reasons explained below, the court is persuaded that Scottsdale meets the requirements for intervention as of right.

As described earlier here, intervention as of right has four requirements: "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties in the lawsuit." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

### A. Timeliness

In considering whether a motion to intervene is timely, the court weighs "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reasons for any delay in moving to intervene." *Id.* at 836. A motion to intervene is timely when the court has not yet ruled on any substantive motions and when the intervenor has not unnecessarily delayed its intervention. *Id.* at 837; *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Here, the court has not yet ruled on any substantive motions and discovery is at the earliest stages, no party alleged prejudice resulting from the intervention, and Scottsdale acted quickly to intervene once it learned of the misidentification of its insured. Thus, Scottsdale's motion is timely.

### B. Significant Protectable Interest

A putative intervenor may demonstrate a significant protectable interest in the lawsuit meriting intervention by establishing that "(1) 'the interest [asserted] is protectable under some law,' and (2) there is a 'relationship between the legally protected interest and the claims at issue.'" *Nw. Forest Res. Council*, 82 F.3d at 837.

Under California Insurance Code Section 11580, "a judgment creditor may proceed directly against any liability insurance covering the defendant . . . ." *Reliance Ins. Co. v. Superior Court of Santa Clara Cnty.*, 84 Cal. App. 4th 383, 386 (2000). Additionally, California courts have found, under the similar California standard for intervention, that, "where the insurer may be

6

subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment . . . against the insured, intervention is appropriate." *Id.* at 386-87. Here, Scottsdale has issued an insurance policy naming "Ideal Homes" as the insured. Dkt. No. 64, Ex. A. Ideal Homes, LLC is a suspended entity that is unable to assert a defense (and Scottsdale, as referenced above, is unsure if, under the law, the entity insured is the same entity that is being sued). Dkt. No. 64, Ex. B; *see* Cal. Rev. & Tax Code §§ 23301, 19719(a). Since Scottsdale may have to satisfy any potential default judgments against Ideal Homes, LLC, Scottsdale has the requisite protectable interest to justify intervention.

### C. Practical Impairment

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Scottsdale asserts that if it is not permitted to intervene, Ideal Homes, LLC may be subject to a default judgment, which Scottsdale might be required to satisfy. The court is persuaded that Scottsdale's ability to protect its interests would be substantially impaired in a practical sense if it were not allowed to intervene.

### D. Inadequate Representation

Adequate representation exists when a present party's interest "is such that it will undoubtedly make all the intervenor's arguments," when the present party is "capable and willing to make such arguments," and when the would-be intervenor would not necessarily bring any "necessary elements" to the proceedings. *Nw. Forest Res. Council*, 82 F.3d at 837. Here, Ideal Homes, LLC is unable to defend itself. And CMH, the manufacturer, may seek to deflect potential blame from itself by pinning it on Ideal Homes, Scottsdale's insured. Scottsdale's interests are not adequately represented by the current parties.

Scottsdale has thus satisfied the requirements for intervention as of right, and the court hereby grants Scottsdale's motion to intervene as of right.

### CONCLUSION

For the reasons described above, defendant Ideal Ventures's motion to withdraw its answer, third party defendant SAR Development's motion to strike the third-party complaint, and

1    Scottsdale's motion to intervene are hereby GRANTED.  Scottsdale's proposed answer, Dkt. No.

2    64, Ex. C, shall be deemed filed as of the date of this Order.

3          IT IS SO ORDERED.

4    Dated: 11/17/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge